UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRYL C. CARTER,

                                    Plaintiff,

                -against-

GARY JENKINS; URBAN PATHWAYS
INC.; LESLIE SEGARS; MS. JOHNSON;
MR. GOULD III; DOES 1-25,

                                    Defendants.

---

22-CV-10326 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendant Gary Jenkins, the Commissioner of the City of New York Department of Social

Services ("DSS"), denied Plaintiff due process when considering his applications for public

benefits. Plaintiff also brings First Amendment retaliation and state law claims against

Commissioner Jenkins, Urban Pathways ("Urban"), and Urban employees Leslie Segars, Ms.

Johnson, and Mr. Gould III.

By order dated December 7, 2022, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. On December 23, 2022, the Court

granted Plaintiff's request to file an amended complaint. (ECF 12.) On December 27, 2022,

Plaintiff filed a motion to amend his complaint, and attached the amended pleading to the

motion. (ECF 13.) The Court, later recognizing that Plaintiff had attached his amended pleading

to the motion, directed the Clerk of Court to file the amended complaint as a separate entry.

(ECF 16.) The Court now grants Plaintiff 60 days' leave to file a second amended complaint, for

the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action asserting federal Due Process claims against Commissioner Jenkins regarding the denial of his application for public benefits. He also brings First Amendment retaliation claims against Commissioner Jenkins, Urban, and Urban employees ("Urban Defendants"), and state law claims against the Urban Defendants regarding his housing in the Bronx.

**A.    Allegations**

The following facts are taken from the amended complaint. On August 12, 2022, Plaintiff created a blog and soon thereafter published content on current and historical events. (ECF 13, at 14.)

On September 30, 2022, Plaintiff arrived at "[t]he Breaking Ground facility" for shelter, and slept on a chair until October 25, 2022. (*Id.* at 15.)

On October 13, 2022, Plaintiff applied for public benefits, including cash aid, Supplemental Nutrition Assistance Program ("SNAP"), and Medicare. (*Id.*) The Human

Resources Administration ("HRA") for the City of New York informed Plaintiff that he would be interviewed on October 17, 2022, regarding his benefits applications.[1]

On October 25, 2022, "plaintiff was transferred to . . . Webster Safe Haven," in the Bronx, a transitional shelter operated by Urban, where he was placed with an individual who smoked. Plaintiff complained to Urban about being placed with a smoker, that he was not provided a locker or key, "and an informant (client) in the facility who, albeit assigned to a different room, entered and hung out in the same room with plaintiff." (*Id.* at 16.)

On November 8, 2022, Plaintiff emailed Defendant Segars with various complaints about the conditions at Webster Safe Haven, and requested information regarding his "HRA public benefits interview as scheduled on November 4, 2022, whereas an HRA representative was to call, case worker Arielle Canate." *Id.* at 18. Plaintiff, who did not have a phone at the time this interview was scheduled, alleges that HRA "is the only party allowed to initiate a phone call interview for public assistance." (*Id.*) On November 29, 2022, Plaintiff learned that his SNAP application was rejected because he "[d]id not call for [his] application interview." (*Id.*)

On November 9, 2022, Plaintiff emailed the "New York State OTDA Shelter Oversight and Compliance Office" regarding "issues" with "case management services per public assistance." (*Id.* at 20.) Plaintiff followed up with a letter faxed to Shelter Oversight and Compliance on November 21, 2022, where he complained of his housing conditions and the case management services, and alleged tampering with his mail. (*Id.*) He also informed a Bronx District/Board 3 representative of complaints about the food services at Webster Safe Haven. (*Id.*)

---

[1] The Department of Social Services oversees the Human Resources Administration.

In November and December 2022, Plaintiff and a "homosexual guy" argued over the conditions of a shared bathroom; on November 22, 2022, the New York City Police Department responded to a call involving the "homosexual guy [who] was extremely belligerent." (*Id.* at 21.)

**B.      Claims**

Plaintiff asserts (1) federal Due Process claims against Commissioner Jenkins, (2) First Amendment claims against Jenkins and the Urban Defendants, and (3) state law claims of misrepresentation, private nuisance, gross negligence, and intentional infliction of emotional distress ("IIED") against the Urban Defendants.

The Due Process claims include an assertion that DSS maintains a policy where "it hand pick[s] who can and can[ ]not be approved for benefits by simply not calling certain applicants or otherwise calling and intentionally dropping the call." (*Id.* at 22.) Plaintiff also asserts that DSS "sought to punish plaintiff for his views" expressed on his blog, in violation of his speech rights under the First Amendment. (*Id.*)

Plaintiff also contends that John Doe Defendants, who are affiliated with Webster Safe Haven, violated his speech rights under the First Amendment, alleging that they

> are mouth pieces for the Far Right and Left, federal, and New York State officials who for different reasons want plaintiff silenced and use goons, in house security, clients, unauthorized individuals, etc., on site at the Webster Safe Haven to harass and badger plaintiff because of this expressed views with the intent of silencing plaintiff.

(*Id.* at 27.)  Plaintiff also contends that "the federal and state political government officials . . . [have] dispatch[ed] these nuisance social network goons from both sides who seek to silence plaintiff for their own competing objectives," including to "force him out of the Webster Safe Haven." (*Id.*) (emphasis omitted). He also asserts that "his blog commentary has suffered content delays, subject matter modifications, website hacking and downtime," and raises other issues related to his blog.  (*Id.* at 27-28.)

Plaintiff's state law claims brought against the Urban Defendants concern his housing at Webster Safe Haven, including alleged harassment and poor living conditions. (*See id.* at 29-38.)

Plaintiff seeks damages and injunctive relief.

## DISCUSSION

### A.    Official-Capacity Claims against Commissioner Jenkins

Plaintiff's claims against Commissioner Jenkins, sued in his official capacity, can be construed as claims against the City of New York. *See, e.g.*, *Nassau Cnty. Emp. "L" v. Cnty. of Nassau*, 345 F. Supp .2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Thus, the claims brought against the City of New York will not state a viable cause of action unless they include facts suggesting that a DSS policy, custom, or

practice caused the violation of Plaintiff's constitutional right. As discussed below, Plaintiff does not allege that a DSS policy, custom, or practice caused the violation of his rights under the First or Fourteenth Amendments.

**B.      Due Process Claims**

Plaintiff's allegations that HRA denied his benefits applications are construed as asserting a procedural due process claim under the Fourteenth Amendment, which provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). Applicants for benefits, no less than recipients, possess such a property interest. *Kapps*, 404 F.3d at 113. In the context of public assistance benefits, due process typically requires pre-deprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003).

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[2] procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy); *Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

New York State law provides public assistance applicants remedies to challenge the denial of benefits, including fair hearings under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, as well as Article 78 proceedings. These procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with government entitlement programs. *See, e.g.*, *Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

---

[2] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom,'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters.'" *See Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

Plaintiff does not allege that he requested a fair hearing, or that the fair hearing process was in any way inadequate. Because Plaintiff can request a fair hearing to address the due process violations about which he complains—including HRA's telephone interview procedure— but did not do so, his complaint is not sufficient to make out a viable claim that the state denied him due process. Put simply, Plaintiff must avail himself of the available state procedures to challenge the initial denial of his applications before filing any a federal lawsuit alleging that the initial process was inadequate. He therefore does not state a Due Process claim against the City of New York.[3]

## C.      First Amendment Claims

Plaintiff also alleges that HRA denied Plaintiff's applications because of the views he expressed on his blog, and that the Urban Defendants, working in concert with government officials, harassed and retaliated against him because of his speech.

To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.").

---

[3] This court also lacks mandamus jurisdiction to compel Commissioner Jenkins to grant Plaintiff's application for benefits. Federal courts have no general power to compel action by state officials. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989).

### 1.    City of New York

Plaintiff argues that HRA denied his application based on Plaintiff's free speech expression. This allegation, standing alone, is insufficient to state a First Amendment retaliation claim because Plaintiff does not state any facts suggesting that Jenkins denied his application *because of* his speech or that this denial "chilled" his speech in any fashion. Rather, he states in conclusory terms that, because of his speech, his application was denied. The temporal relationship between these two events – the denial of Plaintiff's applications and his expression of views in his blog – does not suggest that one caused the other. In the absence of factual allegations that could support an inference of causation, Plaintiff's pleading only suggests that both events occurred simultaneously. The complaint therefore does not state a First Amendment retaliation claim against the City of New York.

### 2.    Urban Defendants

Plaintiff also fails to state First Amendment retaliation claims against the Urban Defendants for two reasons. First, as with Plaintiff's First Amendment retaliation claim against the City of New York, Plaintiff only states in conclusory terms that the Urban Defendants harassed him because of his speech, and he does not provide facts suggesting that his alleged ill treatment at the Webster Safe Haven was caused by his speech. Second, even if he could show that his speech resulted in ill treatment, the allegation that government entities induced Urban employees to retaliate against Plaintiff for his speech is unsupported by any facts. Although "[a]nyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983," *Filarsky v. Delia*, 566 U.S. 377, 383 (2012), Plaintiff does not point to any specific Urban employee who conspired or jointly engaged with a specific state actor to retaliate against him because of his speech, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). He also does not allege facts suggesting that any state actor compelled any Urban employee to retaliate against him for

his blog. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Put another way, Plaintiff has not alleged that any governmental actor "is responsible for the specific conduct of which [he] complains." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citations omitted). Plaintiff therefore fails to state First Amendment retaliation claims against the Urban Defendants.

**D.      State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). As the Court is granting Plaintiff leave to amend, the Court has not dismissed the federal claims of which the Court has original jurisdiction. Thus, the Court reserves its decision whether to exercise its supplemental jurisdiction of the state law claims Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege sufficient additional facts to state valid Due Process and First Amendment claims, the Court grants Plaintiff 60 days' leave to amend his complaint for a second time to detail his claims. Should he reassert his Due Process claims against the City of New York, he must allege facts suggesting that the available state court procedures are inadequate and detail that inadequacy. Should he bring retaliation claims against the City of New York, he must allege sufficient facts suggesting that the denial of Plaintiff's benefits was because of his speech. Finally, if he asserts retaliation claims against the Urban Defendants, he must allege specific facts showing how Urban employees acted in concert with specific government actors to violate his federal constitutional rights.

Plaintiff is granted leave to submit a second amended complaint providing more facts about his claims. In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended and original complaints, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any pro se party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-10326 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    May 4, 2023
                New York, New York

                                          /s/ Laura Taylor Swain
                                  _____
                                          LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**SECOND AMENDED**
**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                      Zip Code

_____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                     Zip Code

Defendant 2:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                     Zip Code

Defendant 3:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                     Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                City                State                Zip Code

_____
Telephone Number                E-mail Address

_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
UJA Federation
of New York