UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRYL CHADWICH CARTER,

                      Plaintiff,

-against-

GARY JENKINS; URBAN PATHWAYS INCL; LESLIE SEGARS; MS. JOHNSON,

                      Defendants.

22-CV-10326 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated July 6, 2023, the Court dismissed the amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to file a second amended complaint. On July 10, 2023, Plaintiff filed a motion to "convert" the July 6, 2023, order "to a final order." (ECF 26.) The Court grants Plaintiff's motion to the extent he is asking the Court to enter a final order, and directs the Clerk of Court to enter judgment in this action.[1]

---

[1] After Plaintiff filed his motion seeking a final order, he filed a notice of appeal. (ECF 27.) Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted). Plaintiff filed a notice of appeal in response to an order of dismissal with leave to replead. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example,

## CONCLUSION

Plaintiff's motion (ECF 26) is granted to the extent Plaintiff is asking the Court to enter a final order.

The Clerk of Court is directed to enter judgment in this action.

The Court directs the Clerk of Court to terminate any remaining motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 25, 2023
         New York, New York

/s/ Laura Taylor Swain<br>LAURA TAYLOR SWAIN<br>Chief United States District Judge

---

because the order appealed from is not final and has not been certified for an interlocutory appeal.").